Adam I. Gafni
HI Bar No. 11078
GAFNI & LEVIN LLP
12121 Wilshire Blvd., Suite 805
Los Angeles, California 90025
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff
SUSAN PENELOPE ADAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUSAN PENELOPE ADAMS, an individual<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC iWORKS, LLC, a Hawaii Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | CIVIL NO. CV 20-00341-DKW-RT (Copyright Infringement)<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT AGAINST PACIFIC iWORKS, LLC, a Hawaii Limited Liability Company |

Plaintiff submits this supplemental motion for default judgment for injunctive relief against Defendant pursuant to this Court's December 30, 2020 Order. Dkt. 17.

## I.  SUMMARY OF ARGUMENT AND RELEVANT FACTS

Plaintiff requests that the Court also grant permanent injunction enjoining Defendant and all persons acting in concert or participation with them, from directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright as requested in the Complaint.

On September 4, 2020 the Clerk entered default against Defendant. *See* Dkt. 9, 10. On September 28, 2020, Plaintiff submitted a Motion for Default Judgment against Defendant. Dkt. 12. On November 12, 2020 Plaintiff appeared before this Court regarding Plaintiff's Motion for Default Judgment. *See* Dkt. 12, 16. Defendant failed to appear at the November 12th hearing. *See* DKT. 16. Thus, this Court ordered Plaintiff submit a Proposed Findings and Recommendation to Grant Plaintiff's Motion for Default Judgment which Plaintiff submitted through this Court's email on November 19, 2020. *See* Dkt. 16.

In addition to the relief sought in Plaintiff's Motion for Default Judgment (Dkt. 12), the Court should also order injunctive relief because Defendant, as a

highly sophisticated web developer, willfully infringed Plaintiff's copyright by overseeing, managing, and uploading the infringing Photograph to the Website without a license or permission from Plaintiff, and has the opportunity to do so again. Dkt. 12-6, Declaration of Penelope Adams ISO Motion for Default Judgment ("Adams Decl."), ¶6, 7 Ex. 3; Dkt., 1, Complaint, ¶ 23.

Further, prior to filing the Complaint, Plaintiff sent Defendant multiple pre-suit correspondences regarding their use of the Photograph; however, Defendant failed to effectively participate in pre-suit negotiations. Dkt. 12-6, Adams Decl., ¶ 8; Dkt. 12-2, Declaration of Adam I. Gafni ISO Motion for Default Judgment ("Gafni Dec."), ¶ 2, Exh. 1. As a result, of Defendant's failure to appear in this case, Plaintiff should be awarded the full relief requested in the Complaint, including injunctive relief.

## II. ARGUMENT

### A. Plaintiff is Entitled to Injunctive Relief Against Defendant.

#### 1. The Court Must Accept as True All of the Well-Pleaded Factual Allegations in the Complaint.

After an entry of default, the Court must accept all of the well-pleaded factual allegations in the Complaint, except for those related to damaged, as true. *Televideo Sys., Inc., v. Heidenthal*, 826 F. 2d 915, 917-18 (9th Cir. 1987).

Here, Defendant having defaulted has effectively admitted the factual allegations in Plaintiff's well-pled Complaint. Thus, the allegations that Defendant is a sophisticated web-site developer who oversaw, managed, and uploaded the infringing Photograph to the Website (Dkt. 1, ¶ 4, 5, 26), and that Defendant willfully infringed Plaintiff's copyright in the Photograph by publicly displaying, distributing, and using the Photograph on the Website (Dkt. 1, ¶ 30, 37-39) must be accepted as true for purposes of default judgment.

### 2. A Finding of Willfulness Entitles Plaintiff to Injunctive Relief.

A plaintiff is entitled to injunctive relief where the plaintiff establishes past infringement and the likelihood of future infringements. *Hernandez v. Sony,* No. CV–01–2187, 2003 WL 1857496, at *4 (D.P.R. Feb. 3, 2003); *Nat'l Council of Examiners for Eng'g & Surveying v. Cameron-Ortiz,* 626 F. Supp. 2d 262, 269 (D.P.R. 2009). However, when a defendant's acts are willful, a plaintiff asserting copyright infringement does not need to provide evidence of a threat of future infringement in order to obtain injunctive relief. *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1113 (S.D. Cal. 2012); *See Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135–1136 (9th Cir.1986); *Nat'l Football League v. McBee & Bruno's Inc.*, 792 F.2d 726, 729 (8th Cir.1986) (citing *Sony Corp. of Am. v. Universal City Studios*, *Inc.*, 464 U.S. 417, 451 (1984)).

Here, Defendant willfully infringed Plaintiff's copyright in the Photograph when Defendant oversaw, managed, and uploaded the Photograph to the Website without obtaining a license or permission from Plaintiff. Dkt. 1, Dkt. 1, ¶ 30, 37-39. Thus, Plaintiff is entitled to injunctive relief against Defendant.

### 3. An Entry of Default Entitles Plaintiff to Injunctive Relief.

Section 502 of the Copyright Act authorizes courts "to grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 504(a). "A permanent injunction is especially appropriate where a threat of continuing infringement exists". *Broadcast Music. Inc. v. Colonial Foods, Inc.*, 1993 U.S. Dist. LEXIS 3859, 4 (N.D. Cal. March 22, 1993) (quoting *Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 963 (N.D. Ill. 1985); *Jackson v. Sturkie*, 255 F. Supp. 2d, 1096, 1103 (N.D Cal. 2003).

Courts routinely grant permanent injunctive relief after default is entered against defendants based on the inference that a default indicates the defendant is willing to continue infringing absent an injunction. *Disney Enterprises, Inc. v. Away Disc.*, 778 F. Supp. 2d 157 (D.P.R. 2010); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011). Here, the entry of default against Defendant gives rise to the inference that Defendant will

continue to infringe Plaintiff's copyright in the Photograph unless an injunction is granted.

Further, in this case, there is a heightened threat of continuous nefarious infringing conduct by Defendant because Defendant is a highly sophisticated web-developer who actively recommends and oversees the uploading of images to their client's websites – including the images to the Website subject to this action. Dkt. 1, ¶ 4, 5. Thus, because of Defendant's sophistication and niche services coupled with Defendant's failure to appear in this action, there is a reasonable threat that Defendant will continue its infringing conduct absent an injunction. Therefore, Plaintiff is entitled to injunctive relief against Defendant.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests a permanent injunction enjoining Defendant and all persons acting in concert or participation with them, from directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright.

Dated: Los Angeles, California, January 8, 2021

                                            By: /s/ Adam I. Gafni
                                            Adam I. Gafni
                                            Attorneys for Plaintiff
                                            SUSAN PENELOPE ADAMS