IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUSAN PENELOPE ADAMS, AN INDIVIDUAL;<br><br>                        Plaintiff,<br><br>        vs.<br><br>PACIFIC IWORKS, LLC, A HAWAII LIMITED LIABILITY COMPANY; AND DOES 1-10, INCLUSIVE;<br><br>                        Defendants. | CIV. NO. 20-00341 DKW-RT<br><br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION AND SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT AGAINST PACIFIC IWORKS, LLC |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION AND SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT
AGAINST PACIFIC IWORKS, LLC

Plaintiff's Motion for Default Judgment Against Pacific iWorks, LLC, a Hawaii Limited Liability Company, filed on September 28, 2020 ("Motion" or "Motion for Default Judgment") (ECF No. 12) came on for a telephonic hearing on November 12, 2020 at 9:30 a.m. before the Honorable Rom A. Trader.  Attorney Adam Gafni appeared by telephone on behalf of Plaintiff Susan Penelope Adams ("Plaintiff").  Defendant Pacific iWorks, LLC ("Defendant") did not appear at the hearing and made no opposition or objection to the Motion.

In response to this Court's inquiry on December 30, 2020 regarding injunctive relief (ECF No. 17), Plaintiff filed a Supplemental Motion for Default ("Supplemental Motion") (ECF No. 18) on January 8, 2021.  Defendant made no opposition to the

Supplemental Motion.  The Court elects to decide the Supplemental Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful consideration of the Motion, Supplemental Motion, record in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion and Supplemental Motion be GRANTED.  The Court further FINDS and RECOMMENDS that Plaintiff be awarded a total of $9,000.00 in damages and $4,200.00 in reasonable attorneys' fees.  The Court also FINDS that Plaintiff is entitled to a permanent injunction against Defendant.  The Court declines to award Plaintiff's request for $469.00 in costs as such a request should be made in a Bill of Costs pursuant to 28 U.S.C. § 1920 and LR54.1.

<u>BACKGROUND</u>

Plaintiff filed a Complaint for Copyright Infringement and Demand for Jury Trial ("Complaint") on August 7, 2020 alleging that the Defendant unlawfully copied, displayed, and distributed Plaintiff's copyrighted photograph ("Photograph") without a license or consent.  ECF No. 1.  In the Complaint, Plaintiff claims direct copyright infringement pursuant to 17 U.S.C. §§ 106 and 501 and seeks damages, attorneys' fees and costs, and preliminary and permanent injunctive relief.

On August 13, 2020, Plaintiff filed a Proof of Service indicating that Defendant was served with a copy of the Complaint and Summons by a civil process server on August 12, 2020.  ECF No. 8.  The Defendant did not defend against, answer, or respond to Plaintiff's Complaint.  On September 3, 2020, Plaintiff filed a Request for Clerk to

Enter Default of Pacific iWorks, LLC, a Hawaii Limited Liability Company as to Complaint Filed August 7, 2020. ECF No. 9. On September 4, 2020, the Clerk entered an entry of default against Defendant. ECF No. 10. On September 28, 2020, Plaintiff filed the instant Motion for Default Judgment. ECF No. 12. Defendant did not file an opposition to the Motion.

On December 30, 2020, this Court issued an entering order addressing this Court's concern regarding the lack of reference to Plaintiff's request for "preliminary and permanent injunction" in the Motion for Default Judgment. ECF No. 17. Plaintiff was directed to either file a supplemental motion for default judgment or a partial dismissal of the remaining injunctive claims. On January 8, 2021, Plaintiff filed its Supplemental Motion. Defendant did not file an opposition.

DISCUSSION

The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). The district court has the discretion to grant or deny a motion for default judgment. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).

A.     Jurisdiction

The Court must first turn to whether it has subject matter jurisdiction over this action and personal jurisdiction over the Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attached as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place"). This action arises from the allegations of

3

copyright infringement in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*.  This Court thus has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

This Court also has personal jurisdiction over the Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" within the jurisdiction.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  The record reflects that the Defendant was served on August 12, 2020.  ECF No. 8.  The Complaint alleges that Defendant is a Hawaii limited liability company with its principal place of business and headquarters in this judicial district.  This Court thus has personal jurisdiction over the Defendant.

B.    Eitel Factors

Default judgment may be entered in favor of a plaintiff if the defendant has defaulted by failing to appear, and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1)-(2).  However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right."  In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, this Court considers the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money

at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72 (citation omitted).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The Court shall address each factor in turn.

1.    The Possibility of Prejudice

Under this first factor, the Court considers whether the Plaintiff would suffer prejudice if default judgment is not entered.  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  Defendant failed to respond to Plaintiff's Complaint.  As such, decision on the merits is impracticable, if not impossible.  If default judgment is not granted, the Plaintiff would be left without any recourse for recovery. The Court thus finds that this factor weighs in favor of default judgment.

2.    Merits of the Claim

This factor requires that Plaintiff state a claim on which Plaintiff may recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  As stated earlier, the factual allegations in the Complaint will be taken as true for the purposes of liability. TeleVideo Sys., Inc., 826 F.2d at 917-18 (citation omitted).  Plaintiff brought a copyright infringement claim against Defendant.  To prove copyright infringement, Plaintiff is required to show (1) ownership of a valid copyright in the Photograph; and (2) that Defendant copied protected aspects of the Photograph.  Unicolors, Inc. v. Urban

Outfitters, Inc., 853 F.3d 980, 984 (9th Cir. 2017) (citing Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991)).

As to the first prong of the analysis, Plaintiff alleges sufficient facts to show that Plaintiff has ownership of a valid copyright in the Photograph.  Plaintiff alleges to be the sole owner of the copyright and provided a Certificate of Registration (Registration Number VA 1-828-550) from the United States Copyright Office with an effective date of September 13, 2012.  ECF No. 1 at p. 6; ECF No. 1-2.  Plaintiff also alleges that the Photograph is Plaintiff's original work.  Id. at p. 5.  Plaintiff provided a copy of the Photograph at issue (ECF No. 1-1) and a copy of the photo Defendant uploaded to the website (ECF No. 12-1 at p. 10).

Generally, direct evidence of copying is often not available.  However, the second prong of the infringement analysis can be met if Plaintiff alleges sufficient facts establishing "(1) that the defendant had access to plaintiff's work and (2) that the two works are substantially similar."  Folkens v. Wyland Worldwide, LLC, 882 F.3d 768, 774 (9th Cir. 2018) (citation omitted).  The first element required in the second prong has been met.  Defendant had access to Plaintiff's Photograph as she alleges that "[she] operates the website www.pennyadams.com and regularly sells and/or licenses her copyrighted images across the United States."  ECF No. 1 at p. 2.

As to the second element, "to determine whether [the photographs] are substantially similar, . . . a two-part test [is applied]: an extrinsic test and an intrinsic test."  Folkens, 882 F.3d at 774 (citing L.A. Printex, Indux. Inc., v. Aeropostale, Inc., 676 F.3d 841, 848 (9th Cir. 2012)).  "The extrinsic test if objective" and "considers whether

two works share a similarity of ideas and expression as measured by external, objective criteria." Williams v. Gaye, 895 F.3d 1106, 1119 (9th 2018) (citing Swirsky v. Carey, 376 F.3d 841, 845 (9th Cir. 2004)). "Application of the extrinsic test requires analytical dissection of a work and expert testimony." Id. (citation omitted) (internal quotations omitted). "An analytical dissection . . . requires breaking the works 'down into their constituent elements, and comparing those elements for proof of copying as measured by 'substantial similarity.'" Id. (citation omitted).

"The intrinsic test, on the other hand, is subjective. Id. (citing Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000)). "It asks whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar." Id. (citing Three Boys Music, 212 F.3d at 485; Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991)).

Plaintiff alleges adequate facts and presents sufficient evidence to meet both the extrinsic and intrinsic test of the second prong of the copyright infringement analysis. Plaintiff alleges that Defendant copied the Photograph and reproduced, uploaded, downloaded, publicly displayed, and distributed it to a global audience on the World Wide Web via a website without a license or consent. ECF Nos. 1 at p. 6; 12-1 at p. 14. Plaintiff also provides the copyrighted Photograph (ECF No. 1-1) and a snapshot of the photo Defendant used on the website https://www.travelmoanatours.com (ECF No. 12-1 at p. 10) to show that the Defendant used the exact photo Plaintiff had copyrighted. The photo Defendant used and Plaintiff's Photograph appear to be substantially similar or rather, exactly the same picture. In particular, the formation and patterns of the clouds,

the shadow in the valley, the location of the flowers, the stage in which the flowers are blooming, the location of the rainbow, and intensity and shape of the waterfall all show that it is impossible that two identical photos of the scene depicted could exist at different points in time.  As such, Plaintiff presents sufficient facts to meet all elements required to show copyright infringement and thus, Plaintiff's claim against the Defendant is adequately pled.  This factor favors default judgment.

      3.     <u>Sufficiency of the Complaint</u>

As stated earlier, the Complaint is adequately pled, and Plaintiff provided substantial evidence to support her claims against Defendant.  The Court therefore finds that this factor weighs in favor of default judgment.

      4.     <u>Sum of Money at Stake</u>

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1176 (citing <u>Eitel</u>, 782 F.2d at 1472).  Plaintiff requests statutory damages in the amount of $9,000 pursuant to Section 504 of the Copyright Act.  Plaintiff claims this amount is within the statutory range for copyright infringement.  Plaintiff's damages request appears to be tailored to Defendant's wrongful conduct and is a sum certain.  Accordingly, the Court FINDS that this factor weighs in favor of default judgment.

      5.     <u>Likelihood of a Dispute Concerning Material Facts</u>

On August 13, 2020, Plaintiff filed a proof of service stating that Defendant was served the Summons and Complaint.  ECF No. 8.  Defendant thus had notice and sufficient time to answer the Complaint and deny Plaintiff's allegations.  Defendant

failed to raise any dispute regarding Plaintiff's material factual allegations. As such, the Court FINDS that this factor favors default judgment.

6. Excusable Neglect

There is no evidence in the record suggesting that the default was the result of excusable neglect. The Defendant was served with the Summons and Complaint, and did not defend. ECF No. 8. A copy of the Entry of Default (ECF No. 10) was served on Defendant via First Class Mail by the Court. Plaintiff served a copy of the Motion for Default Judgment on Defendant. ECF No. 12-10. Despite the entry of default and the threat of default judgment, Defendant has not appeared. Based on the Defendant's failure to respond, the default appears to be the Defendant's conscious and willful decision not to defend. The Court thus finds that this factor weighs in favor of default judgment.

7. Policy Favoring Decisions on the Merits

There is a policy of favoring decisions on the merits, and default judgments are disfavored. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). However, Defendant has not complied with any deadlines, rules, and orders. Defendant has not been responsive and thus, proceeding with litigation would be futile as this case cannot move forward. Although this factor tends to weigh against default judgment, it does not preclude the finding that default judgment is appropriate in this case.

8. Totality of Eitel Factors

Upon review of the Eitel factors, this Court finds that six (6) out of the seven (7) Eitel factors weigh in favor of default judgment. The Court thus FINDS and

RECOMMENDS that the district court grant Plaintiff's request for default judgment against Defendant.

C.   Injunctive Relief

Plaintiff requests for permanent injunctive relief.  ECF No. 1 at p. 12; ECF No. 18. "A plaintiff is not automatically entitled to an injunction simply because it proves its affirmative claims." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1402 (9th Cir. 1988)).  Under 17 U.S.C. § 502(a), the Court may grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993).

> In predicting the likelihood of future violations, a court must assess the totality of the circumstance surrounding the defendant and his violations, and it considers factors such as [1] the degree of scienter involved; [2] the isolated or recurrent nature of the infraction; [3] the defendant's recognition of the wrongful nature of his conduct; [4] the likelihood, because of defendant's professional occupation, that future violations might occur; and [5] the sincerity of his assurances against future violations.

S.E.C. v. Murphy, 626 F.2d 633, 655 (9th Cir. 1980); Securities and Exchange Comm'n v. Moddha Interactive, Inc., Civ. No. 18-00264 DKW-WRP, 2020 WL 6701538 *5 (D. Haw. Oct. 26, 2020).

The first factor is irrelevant to this case as copyright infringement does not require the showing of scienter.  See Williams v. Gaye, 895 F.3d 1106, 1123 (9th Cir. 2018) (citation omitted).  As to the second factor, Plaintiff alleged that the Photograph has been uploaded and displayed onto the website since 2017.  ECF No. 12-1 at p. 9.  This would

indicate that the infraction was recurrent in nature.  Under the third factor, Defendant has

not responded to this litigation and has not done anything to recognize the wrongful

nature of its conduct.  Under the fourth factor, given Defendant's disregard of this

litigation, it is foreseeable that future violations may occur.  As to the fifth factor, the

Defendant has not appeared and thus, has not made any assurances against future

violations.  As such, under the totality of the circumstances, the Court finds that a

permanent injunction is proper in this case.  See Polo Fashions, Inc. v. Dick Bruhn, Inc.,

793 F.2d 1132, 1135-36 (9th Cir. 1986) (because defendants willfully violated plaintiff's

trademark rights and refused to stop violating such rights until plaintiff brought suit in

federal district court, plaintiff was not required to introduce concrete evidence that

defendants are likely to infringe again).

D.    Damages

       Plaintiff claims she is entitled to statutory damages and her attorneys' fees and

costs.  The Court shall address each in turn.

       1.    Statutory Damages

       Plaintiff requests $9,000 in statutory damages pursuant to Section 504 of the

Copyright Act.  In determining whether this request is appropriate,

> the court is to be guided by "what is just in the particular case, considering
> the nature of the copyright, the circumstances of the infringement and the
> like, . . . but with express qualification that in every case the assessment must
> be within the prescribed [maximum or minimum]."

Peer Intern. Corp. v. Pausa Records, Inc., 909 F.2d 1332 (9th Cir. 1990) (citations

omitted).  "[A]n award of statutory damages for all infringements involved in the action,

with respect to any one work, for which any one infringer is liable individually . . . in a

sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. §

504(c)(1). "[T]he Court has wide discretion in determining the amount of statutory

damages to be awarded, constrained only by the specified maxima and minima." Peer

Intern. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) (citing Harris v.

Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)).

Plaintiff claims that Defendant is a sophisticated website developer who is

reasonably familiar with copyright law and in navigating images it has authorization to

use. ECF No. 12-1 at p. 19. Given this information, the Court agrees that Defendant

should have conducted a thorough investigation before using a photograph off the

Internet. Moreover, despite Plaintiff's efforts to resolve or litigate this case, Defendant

was silent and did not engage in discussions to resolve this case or defend against the

allegations.

Plaintiff states that the Photograph at issue would generally license for a rate in

excess of approximately $600.00 per year through a commercial stock photography

agency. ECF No. 12-6 at p. 4. At the rate of $600.00 per year for 3 years, the Defendant

would have had to pay $1,800.00. Plaintiff requests for a multiplier five times this

amount. In support, Plaintiff provides persuasive authority showing that in other

jurisdictions, there have been multipliers anywhere from three times to nine times the

licensing fees.

The Court finds that the requested amount of $9,000.00 is appropriate given the

duration of the infringement, the efforts Plaintiff made to resolve this case and

Defendant's failure to participate, Defendant's failure to appear or respond in this

litigation, and Defendant's disregard of the copyright infringement. This statutory amount is reasonable and just, and is within the maximum damages possible.

      2.   <u>Attorneys' Fees and Costs</u>

      a.  <u>Statutory Authority</u>

Plaintiff requests attorneys' fees in the amount of $7,190.00 and $469.00 in costs.

Under 17 U.S.C. § 505:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Plaintiff brought this copyright infringement action under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*. The court therefore has the discretion to award reasonable attorneys' fees and costs to the prevailing party in this case. A prevailing party is a "party in whose favor a judgment is rendered . . . [or] one who has been awarded some relief by the court . . . " <u>See</u> <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources</u>, 532 U.S. 598, 603 (2001) (defining prevailing party as used in numerous statutes where Congress has authorized the award of attorneys' fees to the prevailing party). This Court recommended that the district court grant Plaintiff's request for default judgment. As such, this Court finds that Plaintiff is the prevailing party in this case.

      b.  <u>Discretion to Award Attorneys' Fees</u>

In copyright infringement cases, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517,

534 (1994).  "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill.  Again, the most critical factor is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).  In this case, Plaintiff has succeeded. Default judgment is appropriate and thus, Plaintiff has prevailed.

The Court considers several nonexclusive factors in making awards of attorney's fees to any prevailing party.  "These factors include [but are not limited to] frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Fogerty, 510 U.S. at 534, n. 19 (citing Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3d 1986)).  "There is no precise rule or formula for making these determinations . . . [but] equitable discretion should be exercised in light of the considerations . . . identified [in] Hensley v. Eckerhart."  Id. (citing Hensley, 461 U.S. at 436-37) (internal quotations omitted).  Based on the evidence produced by Plaintiff and considering the facts alleged in this case, the Court finds that Plaintiff's claims are not frivolous, Plaintiff's motivation is to enforce her copyright, the copyright infringement claim is objectively reasonable, and the need for deterrence is great.  Accordingly, these factors weigh in favor of an award of attorneys' fees.

c.   Reasonable Attorneys' Fees and Costs

Plaintiff requests the following attorneys' fees and costs.  The chart below includes the hourly rates requested and hours expended.

| Timekeeper | Rate | Hours | Total Requested |
|---|---|---|---|
| Adam I. Gafni | $450.00 | 6.8 | $3,060.00 |
| Jamie Fountain | $350.00 | 11.8 | $4,130.00 |
| | Total Fees | 18.6 | $7,190.00 |
| | Total Costs | | $469.00 |
| | Total Fees & Costs | | $7,659.00 |

Reasonable attorneys' fees are calculated based on the traditional lodestar calculation. Hensley, 461 U.S. at 433. Under this method, a court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Id. The lodestar amount may be adjusted based on an evaluation of the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). There is a strong presumption that the lodestar amount is reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987).

### i.   Reasonable Hourly Rates

The Court must determine whether the hourly rates requested are reasonable. The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing Camacho v. Bridgeport Fin., Inc., 523 F.3d

973, 980 (9th Cir. 2008)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir.

2002); Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).

The relevant community is the forum in which the district court sits.  Camacho,

523 F.3d at 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)).  The

relevant community in this case is the District of Hawaii.

     The attorney seeking fees has the responsibility of submitting evidence to support

the requested hourly rate.  Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461

U.S. 424, 433 (1983)) (Camacho, 523 F.3d at 980).  "The burden is on the fee applicant

'to produce satisfactory evidence' of the prevailing market rates."  Sam K. ex rel. Diane

C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Blum, 465 U.S.

at 895).  In addition to their own statements, attorneys are required to submit additional

evidence that the rate charged is reasonable.  Jordan v. Multnomah County, 815 F.2d

1258, 1263 (9th Cir. 1987).  See also Camacho, 523 F.3d at 980 ("To inform and assist

the court in the exercise of its discretion, the burden is on the fee applicant to produce

satisfactory evidence—in addition to the attorney's own affidavits—that the requested

rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation").

     Plaintiff requests the following hourly rates for each attorney:

| Timekeeper | Rate |
| --- | --- |
| Adam I. Gafni | $450 |
| Jamie Fountain | $350 |

Plaintiff submitted the Declaration of Counsel Adam I. Gafni in support of the requested

rates.  ECF No. 12-2.  Mr. Gafni is a partner at the law firm of Gafni & Levin, LLP, and

16

graduated from Loyola Law School, Los Angeles *cum laude* and Order of the Coif in 2003. Beginning in January 2004, Mr. Gafni's practice has primarily focused on the litigation of complex commercial matters and intellectual property matters. Mr. Gafni states that his hourly rate is reasonable, but does not provide any evidence or argument that $450 per hour is the prevailing market rate in the District of Hawaii for similar work performed by attorneys of comparable skill, experience, and reputation.

Plaintiff requests an hourly rate of $350 for work performed by Ms. Fountain. Mr. Gafni states that Ms. Fountain is an associate at Gafni & Levin, LLP, and has been practicing law and is a licensed California attorney since December 2017. No other information is provided.

The Court is well aware of the rates awarded in this district and finds that $300 is a reasonable hourly rate for Mr. Gafni given his 16 years of practicing intellectual property matters and $200 is a reasonable hourly rate for Ms. Fountain given her 3 years of practice. See Roberts, 938 F.3d at 1023; Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (the Ninth Circuit held that district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees); Sam K., 788 F.3d at 1041 ("[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'")).

## ii. Hours Reasonably Expended

The Court must now turn to whether the fees requested are reasonably necessary to achieve the results obtained. It is the prevailing party's burden to document the

appropriate hours expended in litigation and to submit evidence in support of those hours worked.  Hensley, 461 U.S. at 433; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  Plaintiff requests a total of $7,190.00 for 18.6 hours worked.

The Court finds that out of the 18.6 hours requested, 1.0 hour is excessive.  "The district court may reduce the amount of requested fees . . . to deduct those hours the court deems excessive . . . " Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Moreno, 534 F.3d 1106, 1112 (9th Cir. 2008) (citations omitted).  "However, the district court must provide an adequate explanation for its fee calculation." Id. (citing Hensley, 461 U.S. at 437).

On August 6, 2020, Ms. Fountain worked 0.3 hours to "[f]inalize complaint packet initiating docs."  ECF NO. 12-2 at p. 4.  However, on August 5, 2020, Ms. Fountain had already worked 0.5 hours to "[f]inalize complaint." Id.  The Court thus finds the 0.3 hours worked on August 6, 2020 excessive. Id.

On August 7, 2020, Ms. Fountain worked 0.8 hours to "[r]eceive and analyze Court order re: scheduling conference and related deadlines." Id.  The only order issued on August 7, 2020 regarding the scheduling conference is a standard, two-page order informing the parties of the date and time of the Rule 16 Scheduling Conference.  ECF No. 6.  No other order was issued before or on August 7, 2020.  The Court finds that 0.7 out of the 0.8 hours of work on a standard, two-page order is excessive.  The Court thus reduces the requested time by 0.7 hours.

iii. Total Lodestar Award

The total reasonable attorney's fees using the lodestar calculation is completed by multiplying the number of hours reasonably expended by the reasonable hourly rate.  The chart below illustrates the computation:

| Timekeeper | Rate | Hours | Total Requested |
|---|---|---|---|
| Adam I. Gafni | $300.00 | 6.8 | $2,040.00 |
| Jamie Fountain | $200.00 | 10.8 | $2,160.00 |
| **Total Fees** | | 17.6 | $4,200.00 |

The Court finds that $4,200.00 is the total amount of reasonable attorneys' fees for 17.6 hours of work performed by Plaintiff's attorneys.

iv. Reasonable Costs

The Court next turns to Plaintiff's requested costs.  Plaintiff requests $400.00 for filing this action and $69.00 for service of summons/complaint on the Defendant.  ECF No. 12-2 at p. 5.  However, these requested costs are taxable costs pursuant to 28 U.S.C. § 1920 and LR54.1(f)(1), and a request for such costs should be made in a Bill of Costs. 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal . . . "); LR54.1(f)(1) ("Costs are taxed in conformity with 28 U.S.C. §§ 1821, 1920-1925, and other applicable statutes, with the following clarifications: (1) Fees for the service of process . . . by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred . . . ").  As such, the Court shall decline to address these costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court grant Plaintiff's Motion for Default Judgment Against Pacific iWorks, LLC,

19

a Hawaii Limited Liability Company (ECF No. 12) and Supplemental Motion (ECF No. 18). The Court RECOMMENDS that the district court award Plaintiff $9,000.00 in statutory damages and $4,200.00 in reasonable attorneys' fees, and find that Plaintiff is entitled to a permanent injunction enjoining Defendant and all persons acting in concert or participation with them, from directly or indirectly infringing in any manner, or causing, contributing to, enabling facilitating, or participating in the infringement of Plaintiff's copyright in the Photograph. The Court also RECOMMENDS that the district court deny Plaintiff's request for $469.00 in costs as this request is properly brought in a Bill of Costs pursuant to 28 U.S.C. § 1920 and LR54.1(f)(1).

The Court directs Plaintiff to (1) serve a copy of this Findings and Recommendations on Defendant and (2) file a Certificate of Service indicating the date of service **by no later than February 15, 2021**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 1, 2021.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 20-00341 DKW-RT; *Adams v. Pacific iWorks, LLC*; Findings and Recommendation to Grant Plaintiff's Motion and Supplemental Motion for Default Judgment Against Pacific iWorks, LLC